IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS TORRES,

    Petitioner,

vs.  No. CIV 24-0347 JB/GJF

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, and
WARDEN R. OTERO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's: (i) In the Matter of the Petition of Carlos Torres, filed April 11, 2024 (Doc. 1)("Petition"); (ii) Amended Petition Under 28 U.S.C. § 2254 and § 2241 for Writ of Habeas Corpus, filed May 17, 2024 (Doc. 4)("Amended Petition"); (iii) Second Amended Petition Under 28 U.S.C. § 2254 and § 2241 for Writ of Habeas Corpus, filed June 7, 2024 (Doc. 6)("Second Amended Petition"); (iv) Petition Under 28 U.S.C. § 2254 for Emergency Writ of Habeas Corpus, filed June 2, 2025 (Doc. 13)("Emergency Petition"); (v) Amended Petition Under 28 U.S.C. § 2254 for Emergency Writ of Habeas Corpus, filed June 13, 2025 (Doc. 14)("Amended Emergency Petition"); and (vi) Motion for Order, filed June 13, 2025 (Doc. 15)("Pretrial Motion").  The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Petitioner Carlos Torres to show cause why the Court should not dismiss his Petitions without prejudice for failure to exhaust state remedies.  See Memorandum Opinion and Order to Show Cause, filed May 22, 2025 (Doc. 12)("Order to Show Cause").  Torres makes several filings in response to the Order to Show Cause, see Emergency Petition; Amended Emergency Petition; Pretrial Motion; and Letter from Torres to the Court (dated June 13, 2025), filed June 13, 2025

(Doc. 16)(collectively, "Responses to OSC"). The Responses to OSC do not show that Torres satisfies the exhaustion requirement or that the Court should waive the exhaustion requirement. The Court, therefore, dismisses this matter without prejudice for failure to exhaust State remedies.

## BACKGROUND[1]

On February 7, 2024, a State district judge grants the State's Motion for Pretrial Detention under rule 5-409(A), NMRA, and orders Torres held without bond pending resolution of his State criminal case. See State of New Mexico v. Torrez, Case No. D-202-PD-2024-131, consolidated with D-202-CR-2024-411 ("Torrez"), Order Granting State's Motion for Pretrial Detention (spelling Torres' last name "Torrez"). Torres is charged with kidnapping in the first degree; aggravated battery with a deadly weapon; receipt, transportation, or possession of a firearm or destructive device by a felon; shooting at a dwelling or occupied building; aggravated assault with a deadly weapon; and tampering with evidence. See Torrez, Case No. D-202-CR-2024-411, Grand Jury Indictment.

On April 11, 2024, Torres commenced this case by filing a handwritten Petition for Emergency Writ of Habeas Corpus (Doc. 1). The Court referred the matter to Magistrate Judge Fouratt for a PFRD and to enter non-dispositive orders. See State of New Mexico v. Torrez, Order of Reference Relating to Prisoner Cases, filed April 12, 2024 (Doc. 3). Torres then files two Amended Petitions for a Writ of Habeas Corpus on May 17, 2024 and June 7, 2024. Torres contends that the State violates his Constitutional rights to due process and equal protection, because the State district court does not conduct a pretrial detention hearing, he is not present for

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Torres' State court criminal dockets, State Case Nos. D-202-PD-2024-131 and D-202-CR-2024-411. See Mitchell v. Dowling, 672 F. App'x 792, 793 n. 2 (10th Cir. 2016)(stating that Habeas courts may take "judicial notice of the state-court docket sheet").

a pretrial detention hearing, and the State district court does not conduct a pretrial detention hearing within the timeframe that rule 5-409 requires. See Amended Petition at 5; Second Amended Petition at 2. Torres asks the Court to "issue[] a writ of habeas corpus." Second Amended Petition at 3. Upon review of the Amended Petitions, Magistrate Judge Fouratt enters an Order to Show Cause, directing Torres to show cause why the Court should not dismiss the Petition for failure to exhaust State remedies. See Order to Show Cause at 3. The Order to Show Cause warns Torres that, if he fails timely to respond, the Court may dismiss this action. See Order to Show Cause at 3. Torres makes several filings in response to the Order to Show Cause, including (i) the Emergency Petition; (ii) the Amended Emergency Petition; (iii) the Pretrial Motion; and (iv) the Letter from Torres to the Court (dated June 13, 2025). The Responses to OSC mostly restate Torres' claims regarding his pretrial detention. Torres states in one of the responses that, on "April 4, 2024 Petitioner submitted a petition to NM Supreme Court resulting in petition being forwarded to [the New Mexico Public Defender's Office ("LOPD NM")]. LOPD NM did not file the petition." See Amended Emergency Petition at 1.

## **LAW REGARDING § 2241 AND EXHAUSTION OF STATE REMEDIES[2]**

When a state prisoner challenges his custody, and by way of relief seeks to obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975). The Petition is governed by Habeas Corpus Rule[3] 4 and 28 U.S.C. § 2241. Habeas

---

[2] Torres' Amended Petitions refer both to § 2241 and to § 2254. See Amended Petition at 1; see Second Amended Petition at 1, 2. Because Torres challenges his pretrial detention, the Court construes his claims under 28 U.S.C. § 2241. See Yellowbear. v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008)("Section . . . 2241 is a vehicle for challenging pretrial detention.").

[3] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on December 1, 2019. The Court,

Corpus Rule 4 requires sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." See Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." See Habeas Corpus Rule 4.

As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. See United States v. Mitchell, 518 F.3d 740, 746, n.8 (10th Cir. 2008)(stating that "[s]ua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(stating that "[a] habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 . . . ."). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, proper presentation means that the petitioner must present each § 2241 claim to the Supreme Court of New Mexico ("NMSC"). The federal court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(quoting Picard v. Connor, 404 U.S. 270, 278 (1971)). "This includes not only the [federal] constitutional guarantee at issue,

---

in its discretion, applies those rules to this § 2241 proceeding. See Habeas Corpus Rule 1(b)("The district court may apply any or all of these rules to [other] habeas corpus petitions"); Boutwell v. Keating, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005)(citing Rule 1(b), and holding that the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

but also the underlying facts that entitle a petitioner to relief." Williams v. Trammell, 782 F.3d at 1210. See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("'A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.'")(quoting Wilson v. Workman, 577 F.3d 1284, 1291 (10th Cir. 2009)).

## ANALYSIS

Torres states in response to the Order to Show Cause that he "submitted a petition to NM Supreme Court." See Amended Emergency Petition at 1. Torres further states, however, that he has not filed the petition, and he does not provide a case number for an NMSC case. See Amended Emergency Petition at 1. The State court dockets confirm that Torres has not presented his claim to the Supreme Court of New Mexico. See State of New Mexico v. Torrez, Case Nos. D-202-PD-2024-131 and State of New Mexico v. Torrez, D-202-CR-2024-411, https://researchnm.tylerhost.net/ CourtRecordsSearch/ (site last visited October 13, 2025). Torres therefore has not presented properly the issues in the Petition to the Supreme Court of New Mexico and has not met the exhaustion requirement. Torres also does not show that "there is no opportunity to obtain redress in state court" or that "the corrective process available through the state courts is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. at 3. Torres' ignorance of the law cannot excuse the exhaustion requirement. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)(holding that ignorance of the law cannot overcome § 2254's procedural requirements); Herd v. Tapia, 356 F. App'x 140, 143 (10th Cir. 2009)(unpublished)("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust."); [4] Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir.

---

[4]Herd v. Tapia, 356 F. App'x 140 (10th Cir. 2009), is an unpublished opinion, but the Court

- 5 -

2006)(unpublished)("[I]gnorance of the [requirement to exhaust] . . . neither removes fault from the petitioner nor sets him apart from any other case.").

As noted above, the Court cannot reach the merits of a petitioner's habeas claims unless "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas, 36 F.3d at 1534.  Courts must dismiss habeas claims without prejudice where the "petitioner's failure to exhaust is clear from the face of the petition," Allen v. Zavaras, 568 F.3d 1197, 1201 (10th Cir. 2009), and no other § 2241 exceptions to the exhaustion rule apply, see Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084, 1089 (10th Cir. 2008)(clarifying that sua sponte dismissal is permitted where the procedural defect is "clear from the face of the petition itself").  Accordingly, the Court will dismiss this matter without prejudice to refile after the exhaustion process is complete.  Torres must challenge his pretrial detention in the State trial court and, if that is not successful, a certiorari appeal to the Supreme Court of New Mexico, before the federal court can review the federal claims.  The Court also denies Torres' Pretrial Motion, which restates the claims in his Amended Petitions.

---

can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Herd v. Tapia; Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006); and Mitchell v. Dowling, 672 F. App'x 792 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## CERTIFICATE OF APPEALABILITY

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that the Court's ruling is not reasonably debatable and denies a certificate of appealability.

**IT IS ORDERED** that Petitioner's: (i) In the Matter of the Petition of Carlos Torres, filed April 11, 2024 (Doc. 1), is dismissed without prejudice; (ii) Amended Petition Under 28 U.S.C. § 2254 and § 2241 for Writ of Habeas Corpus, filed May 17, 2024 (Doc. 4), is dismissed without prejudice; (iii) Second Amended Petition Under 28 U.S.C. § 2254 and § 2241 for Writ of Habeas Corpus, filed June 7, 2024 (Doc. 6), is dismissed without prejudice; (iv) Petition Under 28 U.S.C. § 2254 for Emergency Writ of Habeas Corpus, filed June 2, 2025 (Doc. 13), is dismissed without prejudice; (v) Amended Petition Under 28 U.S.C. § 2254 for Emergency Writ of Habeas Corpus, filed June 13, 2025 (Doc. 14), is dismissed without prejudice; (vi) Motion for Order, filed June 13, 2025 (Doc. 15), is denied; (vii) a Certificate of Appealability is denied; and (viii) separate Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Carlos Torres
Albuquerque, New Mexico

    *Petitioner pro se*